IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALDIFONSO GONZALES,

                                              ORDER

                Petitioner,

                                  09-cv-399-slc[1]

        v.

C. HOLINKA, Warden,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On March 12, 2007, petitioner Aldifonso Gonzales was sentenced to 210 months in federal prison by the District Court for the Eastern District of Tennessee. He now challenges the validity of his conviction and sentence in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner does not explain the nature of his conviction. He has paid the filing fee. Because petitioner is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, venue is proper in this district. <u>Moore v. Olsen</u>, 368 F.3d 757 (7th Cir. 2004).

---

[1]While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this opinion and order only, I am assuming jurisdiction over this case

I may not consider the merits of the petition at this time. Ordinarily, a federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). Relief under § 2241 is available only when a motion under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255(e), which means that "a structural problem in § 2255 forecloses even one round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002). Further, a prisoner may not show that a motion under § 2255 is "ineffective" simply because that remedy is no longer available, either because the deadline for filing such a motion has passed or the prisoner has filed a previous motion under § 2255 and cannot satisfy the requirements for filing a second motion under § 2255(h). Unthank v. Jett, 549 F.3d 534, 535-36 (7th Cir. 2008) (rejecting argument that "whenever § 2255(h) closes the door to a renewed challenge under § 2255, then § 2255(e) must open the door to a challenge under § 2241"); Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by making his section 2255 remedy inadequate.").

In his petition, petitioner explains his belief that his conviction was illegal because he was not present during all portions of the trial and sentencing and did not give a knowing and voluntary plea. However, the petition contains a number of problems. First, it includes

no showing that a motion under § 2255 was inadequate to challenge his conviction and that his claims are ones of actual innocence.  Second, it does not indicate the factual basis for his claims.  With regard to his claim that he was not present for trial and sentencing, it is unclear whether he is referring to his case in the Eastern District of Tennessee or to probation proceedings in Louisiana that allegedly tripled his sentence from 70 to 210 years.  With regard to his claim regarding his plea, it is unclear which conviction petitioner is referring to.  Petitioner's petition includes a list of legal factors that could make a plea not knowing and voluntary but does not say whether they apply to his case and if so, how they would apply.

I will give petitioner an opportunity to correct these defects in his petition.  If he fails to do so, his petition will be dismissed.

ORDER

IT IS ORDERED that petitioner Aldifonso Gonzales may have until July 27, 2009,

to file a supplement to his petition showing that a motion under 28 U.S.C. § 2255 would

be "inadequate or ineffective to test the legality of [petitioner's] detention" and including

facts that support his claim that his conviction and sentence are unconstitutional.  If

petitioner fails to respond by July 27, I will deny the petition for his failure to show that he

is in custody in violation of federal law.

Entered this 6th day of July, 2009.

BY THE COURT:

_____
BARBARA B. CRABB
District Judge

4