IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALDIFONSO GONZALES,

                                                            ORDER
                            Petitioner,

                                                            09-cv-399-slc[1]
            v.

C.  HOLINKA, Warden,

                            Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Aldifonso Gonzales, an inmate at the Federal Correctional Institution in

Oxford, Wisconsin, has filed a pleading styled as a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241 to challenge a 1997 Louisiana state conviction that was used

to enhance his federal sentence.  Petitioner originally filed his petition on June 24, 2009, but

did not explain the nature of his conviction or why § 2241 was the appropriate means for

challenging his federal sentence.  In an order entered on July 6, 2009, dkt. #2, I told plaintiff

that relief under § 2241 is available only when a motion under § 2255 is "inadequate or

_____

        [1]   While this court has a judicial vacancy, it is assigning 50% of its caseload
automatically to Magistrate Judge Stephen Crocker.  For the purpose of issuing this opinion
and order only, I am assuming jurisdiction over this case.

1

ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e). Plaintiff has responded to this court's order directing him to show that his petition complies with § 2255(e). Having reviewing his response, I conclude that this petition must be denied.

On October 19, 2006, petitioner pleaded guilty in the United States District Court for the Eastern District of Tennessee to conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). He was sentenced to 192 months of imprisonment. The sentencing judge enhanced petitioner's sentence under 21 U.S.C. § 841(b)(10)(A) because petitioner had been convicted of possession of marijuana with an intent to distribute in the state of Louisiana in 1997.

On January 18, 2008, petitioner filed a motion under 28 U.S.C. § 2255 in the United States Court for the Eastern District of Tennessee, asking the court to vacate his sentence. Petitioner contended that because he was not present during sentencing for his Louisiana state conviction, the prior conviction was invalid and should not have been used to enhance his federal sentence. The Eastern District of Tennessee has not yet ruled on petitioner's § 2255 motion. In the meantime, petitioner has filed this habeas petition pursuant to § 2241. In his § 2241 petition, he argues that his state court conviction should be vacated because (1) he was not present at sentencing and (2) he would not have pleaded guilty if he had been made aware of the potential consequences of his guilty plea, namely, that it could be used

2

to enhance prison sentences in the future.

Because petitioner has completed the sentence imposed by the Louisiana state court, he is no longer "in custody" on his state conviction and he cannot bring a federal habeas petition under 28 U.S.C. § 2254 directed solely at that conviction.  Maelong v. Cook, 490 U.S. 488, 492 (1989).  Instead, he seeks to challenge his current federal custody as unlawful under the Constitution.  28 U.S.C. § 2241(c)(3).  Ordinarily, however, a federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255.  Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003).  Relief under § 2241 is available only when a motion under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255(e), which means that "a structural problem in § 2255 forecloses even one round of effective collateral review."  Taylor v. Gilkey, 314 F.3d 835, 835 (7th Cir. 2002).  In addition, a petitioner must show that "the claim being foreclosed is one of actual innocence."  Id.

Although petitioner is presently seeking § 2255 review in another court, he argues here that § 2255 review is inadequate because it is foreclosed by the Supreme Court's decision in Custis v. United States, 511 U.S. 485 (1994).  In Custis, the Court held that a defendant sentenced under the Armed Career Criminal Act had no right in a sentencing hearing to raise a collateral challenge against previous state convictions used to enhance his or her federal sentence unless the convictions had been obtained in violation of the right to

3

counsel.  The Supreme Court has extended <u>Custis</u> to petitioners pursuing § 2255 and § 2254 habeas proceedings to vacate sentences, holding that, with narrow exceptions, a petitioner may not challenge a prior state court conviction used to enhance his or her current sentence. <u>Daniels v. United States</u>, 532 U.S. 374 (2001); <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394 (2001).  Petitioner argues that because he is not alleging that he was denied counsel during any phase of his state conviction, <u>Custis</u> prevents him from proceeding under § 2255, thereby making § 2255 an "inadequate or ineffective" means to test the legality of his federal sentence.

Petitioner's argument is innovative, but ultimately unpersuasive.  The savings clause of § 2255(e) is a very narrow exception.  Petitioner has not alleged that he was actually innocent of the state or federal charges, and he has not shown that the inadequacy of § 2255 arises from a "structural" problem in the statute itself.  As the Supreme Court recognized in <u>Daniels</u>, 532 U.S. at 383, the structure and text of § 2255 is "broad enough to cover a claim that an enhanced federal sentence violates due process," but goals of "easy administration and finality have ample 'horsepower' to justify foreclosing relief under § 2255."

Moreover, to permit a section § 2241 "savings clause" exception in petitioner's case would circumvent the policies of <u>Custis</u>, <u>Daniels</u> and <u>Coss</u>.  This conclusion is consistent with the decisions of the other circuit and district courts that have addressed this issue. <u>Broomes v. Ashcroft</u>, 358 F.3d 1251, 1255 (10th Cir. 2004); <u>Drakes v. Immigration and</u>

Naturalization Service, 330 F.3d 600, 603 (3d Cir. 2003); Quintana v. Lundgren, 368 F.

Supp. 2d 1056, 1059 (C.D. Cal. 2005).  The Supreme Court grounded its holdings in

Custis, Daniels and Coss primarily on "considerations relating to the need for finality of

convictions and ease of administration." Coss, 532 U.S. at 402.  First, the Court recognized

that although a state court conviction is subject to review in multiple forums, review is "not

available indefinitely and without limitation." Daniels, 532 U.S. at 381.  Once a conviction

becomes final, "the State that secured the conviction obtains strong interest in preserving

the integrity of the judgment." Coss, 532 U.S. at 403.  Second, the Supreme Court reasoned

that the need for ease of administration requires the limitation of collateral review of expired

state court convictions.  It would be difficult for federal courts to obtain decades-old state

trial transcripts to determine whether an expired state conviction had been obtained in

violation of the Constitution.  Instead, convicted persons must challenge state convictions

on direct appeal, post conviction proceedings available under state law or in a petition for

writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 while still in state custody.

Daniels, 532 at 381.

It is unclear from petitioner's original petition or supplement whether he challenged

his Louisiana conviction on direct appeal or through state post conviction procedures or

whether such procedures are still available to him.  Regardless, for the reasons explained

above, he cannot now challenge his state conviction under § 2255 or § 2241.  Daniels, 532

5

U.S. at 382 (If "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse"). Allowing petitioner to bring a habeas petition pursuant to § 2241 would "sanction an end run around statutes of limitations and other procedural barriers," and "[n]othing in the Constitution or [Supreme Court] precedent requires such a result." Id. at 383. Therefore, his petition for writ of habeas corpus will be denied.

ORDER

IT IS ORDERED that petitioner Aldifonso Gonzales's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is DENIED.

Entered this 16th day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge